MANUEL SOTO RIVERA, Plaintiff and Appellant, *v.* THE SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11209.   Argued March 1, 1955.—Decided April 19, 1955.

*Faría, Fornaris & Ruiz* for appellant.   *José Trías Monge, Attorney General,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Treasurer of Puerto Rico, now Secretary of the Treasury, notified Dr. Manuel Soto Rivera of an income tax deficiency for the calendar year of 1945, amounting to $7,047.65, with interest and penalties.   Feeling aggrieved, the taxpayer resorted to the former Tax Court, now Superior Court.   After a hearing on the merits, the court affirmed the aforesaid deficiency.   Again feeling aggrieved, plain-

tiff appealed to this Court and in his brief he assigns the following error:

"The lower court committed serious error of fact and of law in upholding defendant-appellee's assessment under the facts and the law applicable to this case."

In his income tax return corresponding to the year 1945, Dr. Soto declared a $3,600 income for professional services rendered in his private office. The Treasurer decided that during that year the taxpayer received, for services rendered to his private patients, the following income: for visits and consultations at his private office, $2,260 and for treatment to patients in the Auxilio Mutuo, $8,510, that is, a total of $10,770. The deficiency notified to Dr. Soto is the difference between this last amount and the amount declared by him in his income tax return for professional services. Hence, since the taxpayer reported a greater income for visits and consultations in his private office than the one which the Treasurer alleges, the controversy is limited to the $8,510 item for medical services rendered to patients at the Auxilio Mutuo.

At the trial held by the lower court, petitioner introduced as his only evidence the testimony of accountant Luis García Benítez[1] and his own.[2] Dr. Soto testified, in brief, that for a long time he has been holding the position of radiologist in the Auxilio Mutuo, for which he receives an annual salary; that although he is a surgeon and obstetrician, besides being a radiologist, he is not yet well-known

---

[1] García Benítez testified only that since 1942 he has helped Dr. Soto in preparing his income tax returns; that the doctor used to dictate from cards the amount which he had received from each of his private patients, that the witness added such amounts by machine and in that way they obtained the office income; that as a general rule they added an additional amount in case the doctor had forgotten any of his patients.

[2] In the lawsuit there were involved other deficiencies corresponding to the years 1943, 1944, 1946, and 1947, but since this appeal is restricted to the year 1945, we shall only refer to that part of the testimony which concerns that year.

in those fields; that he opened an office in San Juan where he treated some private patients; that in 1945 Dr. Roldán, who was Director and surgeon of the Auxilio Mutuo, had to make a trip to Spain and he appointed Dr. Soto acting Director and surgeon of that institution until his return; that Dr. Soto held those positions for about eleven months, without receiving any additional compensation, "for three reasons: first, because the honor of being the Director of the Auxilio Mutuo gave me more prominence before the officials of the institution and the public of Puerto Rico; second, because Dr. Roldán is an eminent surgeon, well-known in Puerto Rico, and in leaving his position to me, I could appear, in the eyes of the public, rather competent, winning thereby the confidence of the people . . ."; that he did not charge Dr. Roldán's patients because they were members of the Auxilio Mutuo; that during 1945 he had little time left to take care of his private office in San Juan; that during the year 1945 he did not charge the members of the Auxilio Mutuo, on whose membership cards it appears that they were treated by him.

We have previously said that the Treasurer alleged that Dr. Soto had received $8,510 for fees for services rendered to the patients which he treated in the Auxilio Mutuo. It is a well-settled presumption in law that in matters of taxation the tax assessments made by the Treasurer of Puerto Rico, now Secretary of the Treasury, are presumed correct. *Buscaglia, Treas.* v. *Tax Court,* 69 P.R.R. 818, and cases cited at p. 824; but the presumption can be overcome by evidence. *Buscaglia, Treas.* v. *Tax Court,* 70 P.R.R. 883; it being incumbent on the taxpayer to offer evidence to overcome the presumption. *Buscaglia, Treas.* v. *Tax Court,* 70 P.R.R. 807; *González* v. *Tax Court,* 73 P.R.R. 24.

The evidence presented by the taxpayer in this case is sufficient to overcome the presumption of correctness of the tax assessment of the Treasurer. In accordance with that

evidence Dr. Soto did not collect any fees from the patients which he treated at the Auxilio Mutuo during the year 1945. These patients were members of that institution. The explanation given by the taxpayer as to why he held gratuitously the positions of Director and surgeon of the Auxilio Mutuo during the absence of Dr. Roldán is not unreasonable.

Dr. Soto's testimony was, therefore, sufficient to overcome the Treasurer's contention that he collected fees from the private patients which he treated at the Auxilio Mutuo. Defendant-appellee, however, did not rely on the legal presumption of correctness but offered evidence to uphold his assessment. Hence, he now contends "that this is exclusively a case of credibility of evidence."

██ Indeed it is not so. The oral evidence presented by defendant consisted of the testimony of inspector Alejandro Corchado, who in 1948 made an investigation of Dr. Soto's income during the year 1945. That witness testified that Dr. Soto did not give him any cooperation; that he did not offer data or evidence to carry on the investigation; that in order to determine Dr. Soto's income he had to investigate the private patients which the doctor treated at the Auxilio Mutuo, guiding himself by a list of patients which appeared in a report made by the President of that institution and also that he investigated the Registry of Property, the banks, and the income tax return of the patients; that as a result of the visits he made to Dr. Soto's patients, "I fixed a price on the operations which he performed."

That testimony contains a description of the procedure followed by inspector Corchado in his investigation, but nothing else. It does not uphold, even remotely, the tax assessments in dispute here. Admitting that as a result of Corchado's investigation he reached the conclusion that Dr. Soto had an income of $8,510 from his private patients, that finding was not competent proof. Said conclusion was

based on hearsay evidence, which was not admitted by the trial court. On the other hand, Corchado's testimony tended to show that defendant had sufficient information to produce in court competent evidence, such as the names of the patients investigated by him, the banks records, the entries in the Registry of Property, etc. However, he preferred not to present it. There is nothing in the record to show that such evidence was not within defendant's reach and the failure to present it gives rise to the legal presumption that it would have been adverse if it had been produced. Section 464, subd. 5 of the Code of Civil Procedure, 1933 ed. *Municipal Assembly* v. *Steidel*, 54 P.R.R. 790; *Acosta* v. *Rosado*, 54 P.R.R. 418; *Méndez* v. *González*, 47 P.R.R. 128.

This left the Treasurer's case resting on the presumption of correctness. Against that presumption we have plaintiff's uncontroverted testimony. This being so, we are forced to conclude that the judgment affirming the tax assessment of the Treasurer is erroneous and should be reversed.

For the foregoing reasons, the judgment appealed from will be reversed and the case remanded to the Court where it originated for further proceedings not inconsistent with this opinion.

Mr. Justice Marrero did not participate herein.